# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE AUTOMOBILE MECHANIC'S LOCAL NO. 701 UNION AND INDUSTRY PENSION FUND, | |
| Plaintiff, | |
| v. | Judge Joan B. Gottschall |
| JOYCE FORD, INC., an Illinois corporation; COUNTY MAYO CORPORATION, an Illinois corporation; NEPHIN INVESTMENTS, L.P., an Illinois limited partnership; JOBRIT, LLC., an Illinois limited liability company; and 2401 SO. MICHIGAN BUILDING CORPORATION, an Illinois corporation, | Case No. 12 C 7047 |
| Defendants | |

## MEMORANDUM OPINION & ORDER

Plaintiff, Board of Trustees of the Automobile Mechanic's Local No. 701 Union and Industry Pension Fund ("the Fund"), filed this action under the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* ("ERISA"), as amended by the Multiemployer Pension Plan Amendment Acts of 1980, 29 U.S.C. §§ 1381-1461 (MPPAA). The Fund seeks to collect withdrawal liability incurred as a result of the withdrawal from the Fund by defendant Joyce Ford, Inc. The Fund alleges that defendants County Mayo Corporation; Nephin Investments, L.P.; Jobrit LLC; and 2401 So. Michigan Building Corporation (collectively, "Additional Defendants") are jointly

and severally liable for Joyce Ford's alleged withdrawal liability because they are trades or businesses in common control with Joyce Ford under § 1301(b)(1) of MPPAA.

Now before the court is Additional Defendants' joint motion to dismiss the lawsuit pursuant to Federal Rule of Civil Procedure 12(b)(6). Additional Defendants argue that the Fund has failed to allege facts sufficient to show that they are in common control with Joyce Ford and are "trades or businesses" subject to joint and several liability under MPPAA. For the reasons set out below, the motion is denied.

## I. BACKGROUND

For purposes of the motion to dismiss, the court accepts the allegations in the complaint as true and construes the facts in the light most favorable to the Fund. According to the First Amended Complaint, Joyce Ford, Inc. was a signatory to a collective bargaining agreement with the Automobile Mechanic's Local Union No. 701, which required Joyce Ford to submit contributions to the Fund on behalf of employees covered by the agreement. (Am. Compl. ¶ 6.) Joyce Ford withdrew from the Fund in 2012, and the Fund's actuary calculated an incurred withdrawal liability of $281,184. (*Id.* ¶¶ 14-15.) Maureen Joyce owns Joyce Ford, Inc. (*Id.* ¶ 23) and "maintains an ownership interest" in the Additional Defendants. (*Id.* ¶ 24.)

## II. LEGAL STANDARD

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies this pleading standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56; *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010)

2

("[P]laintiff must give enough details about the subject-matter of the case to present a story that holds together."). For purposes of the motion to dismiss, the court takes all facts alleged in the plaintiff's complaint as true and draws all reasonable inferences from those facts in favor of the plaintiff, although conclusory allegations that merely recite the elements of a claim are not entitled to this presumption of truth. *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

### III. ANALYSIS

Under the MPPAA, "[e]ach trade or business found to be under common control is jointly and severally liable for any withdrawal liability of any other." *Cent. States, Se. and Sw. Areas Pension Fund v. Messina Prods., LLC*, 706 F. 3d 874, 878 (7th Cir. 2013); 29 U.S.C. § 1301(b)(1). Additional Defendants argue that the Fund has failed to allege sufficient facts to show that they (a) are in common control with Joyce Ford and (b) are "trades or businesses" subject to joint and several liability under § 1301(b)(1).

**A. Common Control**

The definition of "common control" under § 1301(b)(1) of MPPAA is specified in regulations promulgated under § 414(c) of the Internal Revenue Code. *See* 29 U.S.C. § 1301(b)(1). These regulations provide for three ways that a group of trades or businesses can be commonly controlled: a parent-subsidiary group, a brother-sister group, or a "combined" group consisting of both parent-subsidiary and brother-sister relationships. 26 C.F.R. § 1.414(c)-2(a).

As Additional Defendants recognize in their motion, the only plausible classification of this alleged group is as a "brother-sister" group. A "brother-sister" group is defined in the regulations as one in which the same five or fewer people have a

3

"controlling interest" in and exercise "effective control" over the constituent entities. § 1.414(c)-2(c). "Controlling interest" is further defined as ownership of at least 80% of the voting power or 80% of the total value of the shares of a corporation. § 1.414(c)-2(b)(2). In a partnership, it is ownership of at least 80% of the profits, interest or capital interest. *Id.* "Effective control" is defined as ("taking into account the ownership of each such person only to the extent such ownership is identical with respect to each such organization") ownership of at least 50% of the voting power or 50% of the total value of the shares of a corporation, or 50% of the profits or capital interest of a partnership. § 1.414(c)-2(c). "Taking into account the ownership of each such person only to the extent such ownership is identical" in the "effective control" prong means that the ownership of each person must be examined separately, finding the smallest percentage that each person owns in any of the targeted organizations and summing those percentages. *See Cent. States Se. & Sw. Areas Pension Fund v. Creative Dev. Co.*, 232 F.3d 406, 421 (5th Cir. 2000). That sum of the identities of ownership must be greater than 50% to meet the test. *Id.*

Additional Defendants argue that the Fund has not alleged any operative facts that plausibly suggest that Maureen Joyce held a "controlling interest" and exercised "effective control" over the Additional Defendants. The Fund argues that, by alleging that Maureen Joyce owned Joyce Ford, Inc., that she had an ownership interest in all Additional Defendants, and that this interest results in a common control group, it has sufficiently stated a claim against the Additional Defendants. For the purposes of this motion to dismiss, the court takes the allegations as true and draws the reasonable inference in favor of the Fund that the common ownership structure of the various

4

companies constitutes both a "controlling interest" in and "effective control" over the companies. Thus, the Fund has sufficiently alleged the existence of common control. Further, the Additional Defendants are sufficiently on notice as to the basis of their potential common control liability: the common ownership structure of the companies. The Fund, to maintain its claim against Additional Defendants through summary judgment, will need to produce facts specifically indicating the ownership interests of the Additional Defendants, but it need not do so to preserve its claim at this time.

**B. Trades or Businesses**

In order for joint and several withdrawal liability to attach to the members of a common control group of organizations, the members of the group must all be "trades or businesses." 29 U.S.C. § 1301(b)(1). While MPAA does not define "trade or business," the Seventh Circuit has adopted the test in *Commissioner of Internal Revenue v. Groetzinger*, 480 U.S. 23, 35 (1987), to distinguish trades or businesses from passive investments in this context. *See Messina*, 706 F.3d 874 at 878. The test in *Groetzinger* requires that for economic activity to be considered the operation of a trade or business, the activity must be performed: (i) for the primary purpose of income or profit; and (ii) with continuity and regularity. *Groetzinger*, 480 U.S. at 35. The analysis of an enterprise under the *Groetzinger* test is necessarily quite fact-specific. *Id.* at 36.

Additional Defendants argue that pleading merely that Additional Defendants are "trades or businesses" is conclusory and insufficient to sustain a claim against Additional Defendants. However, "specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Further, the specificity of factual allegations

5

required to state a plausible claim for relief depends on the complexity of the legal theory alleged. *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008). The legal theory underlying a claim that an enterprise is a "trade or business" under the *Groetzinger* test is straightforward, and allegations of the individual factual elements of the test would not substantially improve the fair notice of the legal and factual bases of the claim already provided to the defendants. If the Fund is unable to produce facts that will satisify the requirements of the *Groetzinger* test, the claims against Additional Defendants may be appropriately disposed of in a motion for summary judgment.

## IV. NOTICES AS TO AFFILIATES

The Northern District of Illinois' Local Rule 3.2 requires that "Any nongovernmental party, other than an individual or sole proprietorship, shall file a statement identifying all its publicly held affiliates." L.R. 3.2 (N.D. Ill.) This notice of affiliates must be filed "with the complaint or answer, or upon filing a motion, response, or petition, whichever occurs first." *Id.* "Affiliates" is defined, for the purposes of the rule, as "any member" when the party is a "general partnership, joint venture, LLC, LLLP, or LLP." *Id.*

All parties in this case have failed to file a notice of affiliates with this court. The Fund ought to have filed such a notice with its complaint. Joyce Ford ought to have filed such a notice with its answer. The Additional Defendants ought to have filed such a notice with their joint motion to dismiss.

## V. CONCLUSION

Because the allegations in the complaint are sufficient to state a claim of common control withdrawal liability against Additional Defendants, the motion to dismiss the

complaint as to Additional Defendants is denied.  All of the parties are also hereby ordered to file proper notices of affiliates with this court pursuant to Local Rule 3.2 within fourteen days of this order.


ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED:   June 21, 2013